955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nick J. CONSTANTINIDES, Esq., Plaintiff-Appellant,
v.
LOS ANGELES COUNTY SHERIFF, et al., Defendants-Appellees.
 No. 91-55079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1992.*
Decided Feb. 20, 1992.
 
 Before WALLACE, Chief Judge, JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Constantinides appeals from the district court's order dismissing with prejudice his 42 U.S.C. § 1983 action against the County of Los Angeles and several County employees, and without prejudice Roxanna Constantinides (Roxanna). The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal de novo. See Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1124 (9th Cir.1989). We affirm in part and reverse in part.
 
 
 2
 Soon after filing his complaint, Constantinides requested dismissal without prejudice. Fed.R.Civ.P. 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Otherwise, a plaintiff's request for dismissal may be granted only by "order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).
 
 
 3
 Although Roxanna had filed an answer before Constantinides's request for dismissal without prejudice, Constantinides could still dismiss without prejudice the County defendants, who had neither answered nor moved for summary judgment, but had moved only for dismissal. See Lake at Las Vegas Investors Group v. Pacific Malibu Development, 933 F.2d 724, 728 (9th Cir.1991). The County defendants concede this. However, they contend that because Constantinides requested dismissal "as to all parties," apparently including Roxanna who had answered, his request cannot be granted under rule 41(a)(1), and must instead be construed as motion for discretionary dismissal under rule 41(a)(2). Apparently, the district court agreed. We hold this to be error.
 
 
 4
 The district court should have construed Constantinides's request for dismissal without prejudice as a notice of dismissal without prejudice under rule 41(a)(1). It is true that Constantinides failed to limit his request to defendants eligible under rule 41(a)(1) or cite the rule. However, he did not cite rule 41(a)(2), either. Constantinides entitled his document "REQUEST FOR DISMISSAL" rather than "MOTION," and addressed it to the clerk of court, rather than Judge Gadbois. These facts suggest that Constantinides understood his request to be one for ministerial action, which is not at all consistent with rule 41(a)(2), but is consistent with rule 41(a)(1). Compare Fed.R.Civ.P. 41(a)(1) (plaintiff may dismiss action without prejudice "without order of court") with Fed.R.Civ.P. 41(a)(2) (plaintiff's action may be dismissed only "upon order of the court and upon such terms and conditions as the court deems proper").
 
 
 5
 The district court should also have applied Constantinides's request for dismissal without prejudice to the County defendants, who were otherwise eligible under rule 41(a)(1), even though he failed to limit his notice to them. Constantinides filed his notice pro se. We hold pro se filings to less stringent standards than those of lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Therefore, the district court erred by failing to recognize Constantinides's notice of voluntary dismissal without prejudice as to the County defendants under rule 41(a)(1). The district judge did not err in the dismissal without prejudice as to Roxanna.
 
 
 6
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4